CASEY *et al. v.* HOWARD, administratrix, *et al.*

The allegations in the petition and the amendments were sufficient to make out a case of fraud authorizing the rescission of the contract and the cancelation of the deed and mortgage upon plaintiff's property; and the court therefore erred in sustaining the demurrer to the petition as amended.

Argued May 20, — Decided July 25, 1898.

Equitable petition. Before Judge Candler. Fulton superior court. September term, 1897.

*Simmons & Corrigan* and *M. Foote Jr.,* for plaintiffs.

*Alexander & Victor Smith* and *Thomas W. Latham,* for defendants.

COBB, J. John A. Casey and Mary E. Casey brought suit against Anderson Howard and J. L. Riley. The petition alleged, in substance: Petitioners own certain land which was set apart to them as a homestead. They obtained an order from the superior court, authorizing the sale of the homestead property, the proceeds of which were to be reinvested in other property upon like uses. Howard approached them with a proposition to exchange a portion of the homestead land for a certain city lot in West End, which he held under a bond for titles from Riley, representing that he owed only $1,260.00 on the property and was paying the debt promptly as it fell due. The exchange was made, petitioners executing to Howard a bond for titles and taking from him a transfer of his bond for titles. They allege that they were induced to make the trade by the representations made by Howard and the statements made in a letter from Riley to Howard as to the amount still due by Howard upon the lot traded to them. Subsequently petitioners executed to Howard an absolute deed to the homestead property, taking from him at the same time a mortgage on the property. It appears from a copy attached to the petition that this mortgage contained a clause as follows: "This mortgage made and intended, and so accepted, as a second mortgage to one given to James L. Riley on the same property to secure a debt named therein." Howard, immediately after the deed to the homestead property was delivered to him, made to Riley a mortgage

on it as security for the payment of his debt to him, both that which was due, and that which was to become due, being the amount of the purchase-money of the property which Howard traded to petitioners. The statements made by Howard were false and misleading. He wilfully misrepresented the status of his indebtedness and fraudulently concealed the true status of affairs, thus inducing petitioners to make a trade which otherwise they would not have made. Instead of his indebtedness on the property traded to them being $1,260.00, it was a much larger sum, accruing interest having increased it to an amount in excess of the sum which Howard had contracted to pay. Petitioner John A. Casey is old and infirm, and his wife, Mary E. Casey, is uneducated, being unable to read and write, and is dependent on the information of others as to the contents of writings, both as to what they contain and what the effect and operation of the same would be. Howard is insolvent and is unable to respond in an amount sufficient to meet the payments due on the property traded to petitioners. The exchange proposed has not benefited petitioners so as to meet the requirements of the order authorizing the sale of the homestead property, in that the property now stands merely as security for the purchase-money of other property. Riley was not an innocent party in taking the mortgage on the homestead property, because he knew that Howard had defaulted in his payments, and was fully aware of the transactions between Howard and petitioners. At the time of the exchange they rented to Howard the property traded for, and he is indebted to them two hundred dollars, which he refuses to pay. The property has been bid in by the county at a sale under an execution for taxes due by him thereon for the year 1893, and he has not redeemed it, and the taxes for 1894 are due. Petitioners have demanded of him a cancelation of their deed to him, and have tendered cancelation of the mortgage given them, as well as a reassignment of the bond for titles, to all of which he refuses to agree. They prayed for cancelation of the deed to Howard, as well as all other papers which might cast a cloud on the title or hinder a sale being made as provided in the order of the superior court, and for general relief.

By amendment it was alleged, that Riley was informed of the exchange and of the consideration moving petitioners to make the trade, and that he has adopted the fraud practiced by Howard, so as to benefit himself by obtaining the mortgage on the homestead property. Petitioners were induced to make the deed to Howard on the promises made that a first mortgage was to be executed to them as security, of which promises Riley knew when the deed was executed. Petitioners accepted the mortgage with the statement in it that it was a second mortgage to one given to Riley, in ignorance of the fact that there was such a stipulation in it, and relied entirely upon the representations of the parties as to what the paper contained, believing that they were receiving at the time a first mortgage on the property. They prayed that the mortgage to Riley be canceled. By further amendment it was alleged, that the mortgages to petitioners and Riley and the deed from petitioners to Howard, although they bear different dates, were executed and delivered on the same day, and petitioners were ignorant that the papers were dated at different times. Howard and Riley both knew of the existence of the homestead estate and that petitioners were selling the same under an order of the superior court. The dating of the papers at different times was a scheme on the part of Howard and Riley to appropriate petitioners' property to the payment of Howard's debt. They prayed, that the deed made by them to Howard and the mortgage made by Howard to Riley be canceled; and if for any reason the deed made by petitioners to Howard could not be set aside, that the mortgage from Howard to petitioners be held to be a superior lien to that of Riley's mortgage; and that if it could be done, the mortgage of Howard to petitioners be foreclosed for the principal and interest due thereon, and the property sold and the proceeds applied to petitioners' debt, to the exclusion of all other liens or creditors of Howard. Petitioners offer to deliver up to Howard his bond for titles and cancel the transfer to them of the West End property; or, if Howard will execute and deliver to them a good and indefeasible title to the West End property free of liens, they are willing to execute and deliver to him a title to the property which is the subject-matter of this

litigation. By further amendment it was alleged, that Riley and Howard made an arrangement between themselves to secure from petitioners a deed to the homestead property, so that Howard could mortgage the property to Riley. Petitioners were ignorant of this arrangement, and at the request of Howard they went to his attorney's office, and there the papers were prepared, the deed being prepared by Howard's attorney. They had the utmost confidence in the honesty and integrity of Howard and relied on him and his attorney to fix the papers correctly, and it was not until afterwards that they learned that Riley had a mortgage purporting to be a superior lien upon the property. Petitioner J. A. Casey, on account of old age and infirmity, and petitioner Mary E. Casey, on account of illiteracy, did not discover the clause in the mortgage making Riley's mortgage superior in dignity to theirs. The deed from petitioners was dated one day, the mortgage from Howard to Riley one day later, and the mortgage to petitioners still a day later; but all were executed at the same place and at the same time, and were a part of a fraudulent scheme on the part of Howard and Riley to deprive petitioners of their homestead property.

The defendants filed a general demurrer to the petition, and the court sustained the demurrer and dismissed the case. Plaintiffs excepted.

We have endeavored to give as plainly as possible the substance of the allegations in the petition. On account of the informal way in which the original petition was drawn and the numerous amendments which were offered and allowed from time to time during the progress of the case, there is much confusion about the case. While we do not think that the case is presented in that clear and logical way which good pleading requires, still, upon a careful examination of the petition and the various amendments, we have come to the conclusion that the allegations of fraud were sufficient to require an answer. The substance of the allegations makes a case against the defendants, and the truth of these allegations is admitted by the demurrer. The plaintiffs, two old people, infirm and illiterate, have as their only property a lot of land set apart to them under the homestead laws of the State. For some reason this property is

not desirable for their use.   An application is made to the superior court for an order to sell, in order that the proceeds may be invested in other property more appropriate to their necessities.   An exchange of part of the homestead property is made for a city lot, the person with whom the exchange is made being indebted for a part of the purchase-money and not having any title to the property.   Representations are made that this debt is being discharged, which are not true, the amount due upon the property which is exchanged increasing from day to day by accumulation of interest.   By a scheme concocted by the person with whom the exchange of the property was made and the holder of the purchase-money debt, the old people are carried into the office of an attorney representing not them but the other parties to the transaction, where a deed to the homestead property is executed to one of the parties, who immediately executes a mortgage to the other, giving to the old people a second mortgage upon the property which they had sold.   The papers are executed on the same day and at the same time, but falsely dated for the purpose of covering up, as far as possible, the transaction claimed to be fraudulent.   The allegations are that this whole plan originated with the two persons with whom the old people were dealing, for the sole purpose of so arranging it that their homestead property would be absorbed, as well as the property which had been exchanged to them, in order that a debt owing by one of them to the other could be satisfied.   The averments are clear and definite that both of the parties to this scheme had full notice of the fact that the homestead had been set apart and that a sale was being made under an order of the judge of the superior court for reinvestment only.   We have no hesitancy in holding that under the facts alleged a case has been made out which entitles the plaintiffs to be heard before a jury.   If their allegations can be sustained, appropriate relief should be granted them by the superior court in the exercise of its equity powers.   The court erred in sustaining the demurrer.

*Judgment reversed.   All the Justices concurring.*